UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHAVARRIA,<br><br>    Plaintiff,<br><br>    vs.<br><br>P.A. GREEN, et al.,<br><br>    Defendants. | 1:10-cv-02324-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br>(Doc. 24.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Anthony Chavarria ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's original Complaint, filed on December 14, 2010, against defendants Dr. Duenas, Physician's Assistant (P.A.) Green, and P.A. Wilson ("Defendants"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 1.)

On July 28, 2014, Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Doc. 24.) On November 10, 2014, Plaintiff filed an opposition to the motion. (Doc. 28.) On November 12, 2014, Defendants filed a reply. (Doc. 29.) Defendants' motion to dismiss is now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff is presently an inmate in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. The events at issue in the Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there. Plaintiff's factual allegations follow.

### A. <u>Allegations</u>

Prior to Plaintiff's incarceration, he suffered injuries as a result of being shot several times by police. Plaintiff was shot in the chest, kidney, spleen, colon and thoracic spine. Plaintiff underwent two separate surgeries to address the damage. Plaintiff alleges that since his incarceration, he has needed constant treatment and pain management. Plaintiff alleges that his treatment "took a significant turn for the worst" while he was at PVSP. Complaint, Doc. 1 at 8 ¶8.

Plaintiff alleges that he has been prescribed Morphine Sulphate "for several years," and that, "on more than one occasion, Pleasant Valley prison officials have allowed Plaintiff's medication(s) to expire due to negligence." Id. ¶14. Plaintiff had been receiving a dose of Morphine Sulphate of 30 milligrams twice daily and 1200 milligrams of Gabapentin three times daily to relieve pain caused by the gunshot injuries. Plaintiff had been prescribed these pain medications at these doses "for several years." Id. ¶13. At some point, Plaintiff's dosages were reduced to 15 milligrams of Morphine Sulphate twice daily and 300 milligrams of Gabapentin twice daily.

Plaintiff alleges that Morphine Sulphate is "highly addictive" and that when it is discontinued "cold turkey," he suffers severe delirium tremens (*sic*) (DTs) as a result of withdrawal. Id. ¶¶15, 16. Plaintiff alleges that each time his medication was discontinued because he had not seen his primary care provider "due to prison overcrowding," he suffered severe DTs, which caused constant and severe pain. Id. ¶17. Plaintiff alleges that on several occasions, this condition lasted "for days," and was ignored by medical staff. Id. at 8-9 ¶18.

///

Plaintiff "spent several weeks total unable to sleep, eat, walk, or even to use the bathroom due to pain caused by these injuries." Id. at 9 ¶21.

Plaintiff also alleges that he met with each of the Defendants, and that none of them read his medical file or took the time to learn about his injuries. Id. at 8 ¶11. Plaintiff alleges that between the dates of January 2008 and November 2010, he informed Dr. Igbinosa of his severe pain and "lack of a continued medical regimen and the fact that he hadn't been seeing his doctors as scheduled." Id. at 9 ¶26. Dr. Igbinosa advised Plaintiff to file a grievance regarding the issue. Plaintiff alleges that his medication was discontinued after several of these meetings, "due to Dr. Igbinosa's failure to correct the problem raised." Id. ¶29. When Plaintiff sought an explanation from defendant Green as to why his medication had been reduced, he was told that defendant Green was under orders by his supervisor to "cut down everyone's meds," and "reduce the narcotics on this facility." Id. at 10 ¶39. Defendant Green informed Plaintiff that he was "just a casualty of my orders." Id. ¶¶36, 39. Plaintiff was also told by defendant Green that "[a] little pain might be good for you," and "[y]ou're not in that much pain with just one bullet in your spine and a few fragments floating around in your back." Id. ¶39. When Plaintiff asked defendant Dr. Duenas why his medication was reduced, he was told that the medication was being reduced because "Plaintiff's internal system was not breaking down the medications and that [plaintiff]'s kidney was showing damage," but Plaintiff alleges that neither defendant Green or Duenas could produce any diagnostic evidence. Id. at 11 ¶¶ 43-47. Defendant Wilson told Plaintiff that he had no doubt that Plaintiff was in pain, but "I have to protect my job and I can only do that by following orders." Id. at 12 ¶56.

Plaintiff alleges that instead of offering relief, Defendants either reduced his medications or allowed them to expire, causing him to suffer withdrawal symptoms. Plaintiff has alleged facts indicating that he suffers from severe pain as a result of the decisions made by Defendants. Plaintiff requests monetary damages and injunctive relief.

**B.      Claims**

Plaintiff claims that Defendants failed to provide him with adequate medical care, in violation of the Eighth Amendment. Under the Eighth Amendment, the government has an

obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

### III.     RULE 12(b)(6) MOTION TO DISMISS

#### A.     Legal Standard

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  "The issue is not whether a plaintiff will ultimately prevail but whether

///

the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).

**B.** **Defendants' Motion**

Defendants move to dismiss some of Plaintiff's claims. Defendants argue that Plaintiff has abandoned his claims about delayed renewal of his pain medications and about certain tests that were not re-ordered, that Plaintiff fails to state a reduction-in-pain-medication claim against defendant Wilson, that Plaintiff's claim for injunctive relief should be dismissed, and that all monetary claims against Defendants in their official capacities should be dismissed. Defendants seek to proceed only on Plaintiff's Eighth Amendment medical care claim relating

///

to reduction in Plaintiff's pain medications, against defendants Green and Duenas in their individual capacities.

### 1. **Abandoned Claims**

Defendants argue that Plaintiff abandoned his claims concerning delayed-renewal-of-medication and the MRI/CT Scan Claims. Defendants assert that the court's screening order of November 13, 2013, specified claims against defendants Green, Duenas, and Wilson regarding the reduction in pain medication, but did not mention allegations relating to delayed renewal of medications or MRI/CT scan as being cognizable. (Doc. 10 at 3:23-4:22.) Plaintiff indicated his willingness to proceed "[p]ursuant to the Court's order of November 13, 2013" against "only Defendants Green, Wilson, and Duenas on his Eighth Amendment claim." (Doc. 11 at 1.) The Magistrate Judge then issued findings and recommendations that the action proceed only against defendants Dr. Duenas, P.A. Green, and P.A. Wilson, on Plaintiff's Eighth Amendment inadequate medical care claims, and that "all remaining claims and defendants be dismissed," and Plaintiff was given thirty days to object. (Doc. 12.) Plaintiff did not object, and the District Judge adopted the recommendation. (Doc. 13.) Based on this evidence, Defendants argue that Plaintiff voluntarily agreed that the only claim he was pursuing was the reduction-in-pain-medications claim against defendants Green, Wilson, and Duenas, and thus abandoned his delayed-renewal-of-medications and MRI/CT scan claims.

### 2. **Failure to State a Claim**

Defendants argue that if Plaintiff did not voluntarily dismiss his delayed-renewal-of-medications claim and MRI/CT claim, these claims should be dismissed for failure to state a claim.

#### a. **Delayed-Renewal-of-Medications Claim**

Defendants argue that the delayed-renewal-of-medication claim is virtually identical against all Defendants, except that Plaintiff had additional allegations against Dr. Igbinosa. Because the court found that the allegations against Dr. Igbinosa were not cognizable, Defendants conclude that those allegations would not be cognizable against the other Defendants either.

Defendants also argue that Plaintiff blamed the problem on negligence, which does not rise to the level of a constitutional violation. Plaintiff claims that "Pleasant Valley State Prison Officials" negligently allowed his pain medication prescriptions to expire. Complaint ¶¶14, 17.

Defendants also argue that Plaintiff does not blame the problem on the negligence of defendants Green, Wilson, or Duenas, and instead claims that "Pleasant Valley State Prison Officials" were negligent in allowing prison overcrowding to result in unavailability of medical staff. Id. ¶¶ 14, 17. Thus, Defendants argue that Plaintiff did not allege personal participation by the Defendants, which is required for section 1983 liability.

### b.     MRI/CT Scan Claim

With respect to Plaintiff's MRI/CT scan claim, Defendants argue that Plaintiff does not allege any serious medical need for these procedures. Plaintiff claims that the procedures were to determine the existing damage and possibly any movement in the placement of the bullets and fragments, (Complaint ¶49), but there is no indication that the existing damage was not known or any indication that the bullets or fragments had moved. Defendants argue that this claim should be dismissed with prejudice without leave to amend because Plaintiff has already admitted that these procedures did not relate to his pain medication or any then-current medical condition he was experiencing.

### 3.     Claim Against P.A. Wilson

Defendants argue that defendant Wilson should be dismissed from the reduction-in-pain-medication claim because according to Plaintiff's allegations, reinstating Plaintiff's pain medication to prior levels was beyond Wilson's control. Plaintiff alleges that Wilson would not reinstate the medication because he was under orders from persons above him, that it was not his call, that it was above his pay grade, and that the problem was due to bureaucracy of the administration. (Complaint ¶¶53-58.) Plaintiff alleges that defendant Wilson told Plaintiff that he had no doubt Plaintiff was in pain and that Plaintiff's treatment was inadequate, but that he was unable, as opposed to unwilling, to act. (Id.) Defendants argue that Plaintiff's admission that he filed several grievances to the higher ups, to no avail, supports Plaintiff's allegations that Wilson could not increase Plaintiff's dosage. (Complaint ¶61.) Defendants argue that this

claim should be dismissed without leave to amend because Plaintiff admits that he appealed to those above Wilson, and was denied.

### 4. Request for Injunctive Relief

Defendants argue that Plaintiff's request for injunctive relief, seeking future medical treatment by an outside pain management specialist, should be denied because persons who could order such relief are not before the court. Defendants argue that the court does not have jurisdiction over any official who could appropriately respond to an order granting the relief Plaintiff seeks, especially since Plaintiff is no longer at PVSP. Further, Defendants argue that Plaintiff's request overreaches because he does not show a threat of immediate irreparable harm, the relief is not narrowly drawn, and the courts do not have the power to manage prisons or second-guess prison administrators.

### 5. Official Capacity

Defendants argue that under the Eleventh Amendment, Defendants cannot be sued for damages in their official capacities. Plaintiff sues Defendants in both their individual and official capacities. (Compl. ¶¶71, 75, 79, 83.) Defendants request that upon dismissal of Plaintiff's request for injunctive relief (which leaves only claims for damages), Defendants be dismissed in their official capacities.

### C. Plaintiff's Opposition

Plaintiff alleges that as a result of being shot by police in 1997, losing his kidney and spleen, and still having a bullet in his thoracic spine, he suffered pain that was "beyond unbearable . . . [and] became so severe that [he] contemplated suicide." (Oppn, Doc. 28 at 1:17-19, 2:6-9.) Plaintiff alleges that after P.A. Wilson was told of Plaintiff's pain and inability to sleep, eat, or perform normal daily functions, Wilson failed to increase his pain medication to prior levels. Wilson failed to peruse Plaintiff's medical file to ascertain specific facts pertaining to the magnitude of Plaintiff's pain, and Wilson failed to contact an actual doctor with the authority to deal with the issue. Plaintiff also alleges that Dr. Duenas and P.A. Green incorrectly told Plaintiff that an MRI would move the bullet in his back, having full knowledge that bullets are lead and have no magnetic field. Plaintiff alleges that he notified Defendants of

his past prescription expiration problems, but the problems continued. Plaintiff alleges that the medical staff refused to do their jobs.

## IV. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA") the court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given the requirements of the PLRA, the court is disinclined to view with favor a subsequent motion seeking dismissal for failure to state a claim. On November 13, 2013, this court issued an order indicating that it had screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that it stated cognizable claims against defendants Duenas, Green, and Wilson for inadequate medical care in violation of the Eighth Amendment. (Doc. 10.) While the order finding cognizable claims did not include a full analysis,[1] the court conducted the same examination as it does in all screening orders. In other words, the court's conclusion was based upon the same legal standards as this 12(b)(6) motion.

In the initial screening, the court is required only to determine whether the Plaintiff should be allowed the opportunity to develop a factual record of the conditions of his confinement. Marion v. Columbia Correction Inst., 559 F.3d 693, 694 (7th Cir. 2009). There is no heightened pleading standard in § 1983 actions; rather, the general and less stringent requirements of Federal Rule of Civil Procedure 8 apply. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 163. As the Ninth Circuit has clarified, courts "continue to construe pro se filings liberally when evaluating them under Iqbal. "While the [Iqbal] standard is higher, our 'obligation' remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner

---

[1] Generally, the court provides a fully reasoned analysis only when it must explain why the complaint *does not* state at least one claim. In cases where the complaint states only cognizable claims against all named defendants, the court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

the benefit of any doubt.'" Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).

Here, the court found that "[l]iberally construed," (Screening Order, Doc. 10 at 3:23), Plaintiff stated an Eighth Amendment medical claim against Defendants, which requires a showing by Plaintiff of (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent," Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff's allegations that he suffered constant and severe pain as a result of trauma to his abdomen and a bullet lodged in his spine are sufficient to demonstrate a serious medical need.  Plaintiff also alleges that he met with each of the Defendants, and that none of them read his medical file or took the time to learn about his injuries. Complaint ¶11.  He was told by defendant Green that "[a] little pain might be good for you," and "[y]ou're not in that much pain with just one bullet in your spine and a few fragments floating around in your back." Id. ¶39.  Defendant Dr. Duenas told Plaintiff that his medication was being reduced because his kidney was showing damage, but Plaintiff alleges that neither defendant Green or defendant Duenas could produce any diagnostic evidence.  Id. ¶¶ 43-47.  Plaintiff alleges that instead of offering relief, Defendants either reduced his medications or allowed them to expire, causing him to suffer withdrawal symptoms.  Defendant Wilson told Plaintiff that he had no doubt that Plaintiff was in pain, but "I have to protect my job and I can only do that by following orders."  (Id. ¶56.)  These allegations are sufficient at the pleading stage to show deliberate indifference to Plaintiff's medical need.  Therefore, the court found that "Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Green, Wilson and Duenas for deliberate indifference to his serious medical need." (Doc. 10 at 4:13-14.)

Defendants' arguments that the court's screening order only found certain parts of Plaintiff's medical claim cognizable, or that Plaintiff voluntarily abandoned portions of his claim by failing to file objections to the court's findings and recommendations, are unpersuasive.  The court did not separately address a reduction-in-medication claim, a failure-

to-reorder-tests claim, and a delayed-renewal-of-medications claim in the screening order, except to re-state Plaintiff's allegations. The court's subsequent order dismissing "all remaining claims and defendants" from this action did not specify the dismissal of any part of Plaintiff's medical claim against defendants Duenas, Green and Wilson. (Docs. 12, 13.) Plaintiff notified the court of his willingness to proceed with the medical claims against Defendants Duenas, Green, and Wilson, and the fact that he did not object to the court's dismissal of "all remaining claims and defendants" did not cause him to unwittingly abandon parts of his medical claims.

Defendants' arguments regarding the extent of Defendants' control over the medical process, the reasons Plaintiff's medications lapsed or were reduced, and whether Plaintiff had medical needs for additional tests are issues more properly raised at the summary judgment stage of the case, not the screening stage. Moreover, the court fails to see the relevance at this stage of the proceedings whether Plaintiff's grievances addressing his medical problems were granted or denied.

Defendants' argument that Plaintiff cannot succeed on his claim for injunctive relief because he has been moved from one prison to another is also unpersuasive. Plaintiff requests injunctive relief via an order requiring him to be seen by an outside pain management specialist. Plaintiff's transfer away from PVSP does not foreclose the possibility that he could be granted such relief. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). Moreover, at the screening stage, Plaintiff is not required to show a threat of immediate irreparable harm, or that the relief he requests is narrowly drawn. Therefore, the court shall not dismiss Plaintiff's claim for injunctive relief at this early stage.

The court concurs that Plaintiff cannot succeed under § 1983 with a claim for damages against Defendants in their official capacities. As Defendants have argued, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21,

30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).  Accordingly, Defendants' motion to dismiss Plaintiff's claims for damages against Defendants in their official capacities shall be granted.

## V. CONCLUSION AND RECOMMENDATIONS

With respect to Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, the court finds that Plaintiff states cognizable claims against defendants Duenas, Green, and Wilson, for failure to provide adequate medical care, in violation of the Eighth Amendment, but that Plaintiff fails to state any other claims for relief.  The court also finds that Plaintiff fails to state a claim for damages against any of the Defendants in their official capacities. Therefore, Defendants' motion to dismiss should be granted in part and denied in part.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Rule 12(b)(6) motion to dismiss, filed on July 28, 2014, be granted in part and denied in part;
2. Defendants' motion to dismiss Plaintiff's claims for damages against Defendants in their official capacities be GRANTED;
3. Defendants' motion to dismiss certain medical claims from Plaintiff's Complaint, based on Plaintiff's abandonment of the claims, be DENIED;
4. Defendants' motion to dismiss certain medical claims from the Complaint, based on Plaintiff's failure to state a claim, be DENIED; and
5. Defendants' motion to dismiss Plaintiff's claim for injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).

Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 10, 2015**                        **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE