UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHAVARRIA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>P. A. GREEN, et al.,<br><br>　　　　Defendants. | 1:10-cv-02324-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br>(ECF No. 43.)<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY (20) DAYS |

　　　　On October 28, 2015, the Court issued an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment, within thirty days. (ECF No. 43.)  Plaintiff requested and was granted a thirty-day extension of time until December 28, 2015, to comply with the Court's order.  (ECF Nos. 45, 46.)  The thirty-day extension of time has now expired, and Plaintiff has not filed an opposition or statement of non-opposition, or otherwise responded to the Court's order.

　　　　In determining whether to dismiss this action for failure to comply with the directives set forth in its order, or for failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than five years, since December 14, 2010. The Court has already granted one extension of time and Plaintiff still has not complied with the new deadline. This delay is harming the Court's ability to manage its docket. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file a response to Defendants' motion for summary judgment that is causing delay. The Court also notes that Plaintiff's failure to file an opposition concerns a motion for summary judgment. In that motion, defendants claim that two of three of Plaintiff's medical claims should be dismissed for failure to exhaust administrative procedures. While the Court has not fully reviewed that motion, Plaintiff's failure to oppose that motion may reflect on the lack of viability of at least those two claims. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The Court has already granted one extension of time. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that more than five months have passed since Defendants filed

their motion for summary judgment, and Plaintiff has yet to file an opposition.[1]  Moreover, Plaintiff was forewarned in the Court's order of October 28, 2015, that his failure to comply with the order to respond to the motion for summary judgment would result in dismissal of this action, with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of October 28, 2015, failure to oppose defendants' motion for summary judgment, and failure to prosecute this case.  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 21, 2016**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants filed their motion for summary judgment on July 24, 2015.  (ECF No. 41.) Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days of the date the motion was served, but did not do so.  Local Rule 230(*l*).

3