UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHAVARRIA,<br><br>  Plaintiff,<br><br>  v.<br><br>P. A. GREEN, et al.,<br><br>  Defendants. | 1:10-cv-02324-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 48.) |

**I.      BACKGROUND**

Anthony Chavarria ("Plaintiff") is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 14, 2010. (ECF No. 1.) This action now proceeds on Plaintiff's initial Complaint against defendants Dr. Duenas, Physician's Assistant (P.A.) Green, and P.A. Wilson ("Defendants"), for inadequate medical care in violation of the Eighth Amendment.

On June 10, 2014, the Court issued a Scheduling Order establishing pretrial deadlines for the parties, including deadlines of December 24, 2015 to conduct discovery, and April 20, 2015 to file pretrial dispositive motions. (ECF No. 31.) Discovery is now closed.

On July 24, 2015, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies, which is pending. (ECF No. 41.) On January 20, 2016, Plaintiff filed a motion for appointment of counsel. (ECF No. 48.)

**II.     MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is unable to afford counsel, lacks access to legal materials, suffers from medical issues, and cannot easily obtain his medical records.  This alone does not make Plaintiff's case exceptional.  While the Court has found that "[l]iberally construed, Plaintiff [states] a [medical] claim for relief against Defendants Green, Duenas and Wilson," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 10 at 3:23-24.)  Plaintiff's medical claims do not appear complex, and based on a review of the record in this case, it appears that Plaintiff can adequately articulate his claims.  Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 8, 2016**                          /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE